CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED
2019 NOV 27 AM 8:45
DEPUTY CLERK _____

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| SAMUEL SAN MIGUEL, Institutional ID No. 05687251, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 5:19-CV-199-BQ |
| MARSHA McLANE, *et al.*, | § § § | |
| Defendants. | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court are pro se Plaintiff Samuel San Miguel's motions for a preliminary injunction and temporary restraining order (TRO).[1] ECF Nos. 4, 17. San Miguel alleges that Defendants have subjected him and other civil committees to "punitive confinement" in the secured management unit (SMU) and thereby subjected him to conditions that violate his constitutional rights. Compl. 5–12, ECF No. 1.[2] He also claims that Defendants have used excessive force against him through the use of handcuffs and other means of force or restraint. ECF No. 12, at 2–10.[3]

---

[1] San Miguel's filings are actually in the form of proposed "Order[s] to Show Cause For A Preliminary Injunction & Temporary Restraining Order," but the Court liberally construes them as motions.

[2] Page citations to San Miguel's pleadings refer to the electronic page number assigned by the Court's electronic filing system.

[3] As noted in San Miguel's Supplemental Complaint, the incident at issue took place *after* San Miguel filed his original Complaint. ECF No. 12, at 2. By separate order of today's date, the Court ordered San Miguel's Supplemental Complaint unfiled because the claims raised therein involve events alleged to have occurred after he filed his original Complaint and concern new, unnamed defendants.

1

After considering San Miguel's motions and applicable law, the undersigned recommends that the motions be **DENIED** without prejudice to San Miguel's right to request injunctive relief in the future should circumstances change.[4]

### I.     Legal Standard

"An injunction is an extraordinary remedy and should not issue except upon a clear showing of possible irreparable harm." *Lewis v. S.S. Baune*, 534 F.2d 1115, 1121 (5th Cir. 1976). When a plaintiff requests injunctive relief that would require the court to interfere with the administration of a state civil commitment facility,[5] "appropriate consideration must be given to principles of federalism in determining the availability and scope of equitable relief." *Rizzo v. Goode*, 423 U.S. 362, 379 (1976). In assessing whether injunctive relief serves the public interest, facility administrators must be afforded deference in the manner in which they operate the institution. *Bell v. Wolfish*, 441 U.S. 520, 547 (1979). An injunction "is an extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries the burden of persuasion." *White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989); *see Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985) (citing cases

---

[4] San Miguel has not consented to proceed before a magistrate judge. In accordance with the order of transfer and 28 U.S.C. § 636(b), the undersigned enters this Report.

[5] This standard applies directly to injunctions relating to official conduct in state prisons and county detention centers. The Court recognizes that civilly committed persons are not prisoners, and their rights may differ from those criminally incarcerated. *See Bohannan v. Doe*, 527 F. App'x 283, 289–90 (5th Cir. 2013) (per curiam) (holding that the Prison Litigation Reform Act does not apply to civilly committed sex offenders because they "are not prisoners," in accord with other circuits); *In re Commitment of Fisher*, 164 S.W.3d 637, 653 (Tex. 2005) (emphasizing that civil commitment "is a civil matter"). Nevertheless, this Circuit and other courts have addressed civil rights lawsuits from civilly committed individuals within the same substantive framework as similar suits brought by prisoners. *See, e.g., Smith v. Hood*, 900 F.3d 180, 186 (5th Cir. 2018) (citing *Youngberg v. Romero*, 457 U.S. 307, 316 (1982) for the proposition that due process rights that survive criminal incarceration "must also survive involuntary commitment"); *R.R. v. N.J. Dep't of Corrs.*, 962 A.2d 563, 568 (N.J. Super. Ct. App. Div. 2009) (upholding a visitation policy at a civil commitment center that was identical to the same policy at state prisons). This Court thus evaluates the likelihood of San Miguel's success on the merits by applying the same substantive standards to his case as would apply in a similar case brought by a prisoner.

for support) (explaining that "[t]he decision to grant a preliminary injunction is to be treated as the exception rather than the rule").

To secure an injunction or TRO, a movant must demonstrate:

1. A substantial likelihood of success on the merits of his case;

2. A substantial threat of irreparable injury if the injunction is not granted;

3. The threatened injury to the movant outweighs any damage the injunction will cause the non-movant; and

4. The injunction will not have an adverse effect on the public interest.

*Hay v. Waldron*, 834 F.2d 481, 484 (5th Cir. 1987).

## II. Analysis

Initially, the Court observes that San Miguel has not provided notice of his requests for injunctive relief to the opposing parties. *See* ECF Nos. 4, 5, 17, 18. For this reason alone, his motions should be denied.[6] *See* Fed. R. Civ. P. 65(a)(1) (providing that a court "may issue a preliminary injunction *only* on notice to the adverse party" (emphasis added)); *King v. TDCJ*, No. 3:15-CV-1365-N-BH, 2016 WL 8671926, at *1 (N.D. Tex. Jan. 8, 2016) (recommending denial of plaintiff's request for preliminary injunction because he had not satisfied the notice requirement of Rule 65(a)).

More importantly, San Miguel has not carried his burden with respect to any of the necessary criteria, including demonstrating a substantial likelihood of success on the merits or a substantial threat of irreparable injury if the Court does not grant relief. San Miguel has filed two

---

[6] Under Fed. R. Civ. P. 65(b)(1), the Court may issue a TRO without notice to the adverse party, but only where: (1) "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition"; and (2) the movant "certifies in writing any effort made to give notice and the reasons why it should not be required." San Miguel has not satisfied either element. Although San Miguel's original Complaint and Supplemental Complaint are both verified, they nonetheless do not clearly show that immediate and irreparable injury, loss, or damage would result before the Defendants could be heard on the matter. *See* ECF Nos. 1, 12.

separate motions for a preliminary injunction and TRO, though the relief sought in each overlaps with the other. ECF Nos. 4, 17. As noted above, the motions are presented in the form of proposed orders, and the Court will examine each in turn.

### A. First Motion (ECF No. 4)

San Miguel's first motion for preliminary injunction and TRO seeks injunctive relief in three forms. ECF No. 4. First, San Miguel asks the Court to enjoin Defendants from using "punitive seclusion," which he refers to as restriction to the SMU wing, as a sanction for facility rules violations. *Id.* at 1. Second, he requests that the Court enjoin Defendants from placing him, and other civil committees, in the SMU, under numerous conditions he finds objectionable, including being fed through a "bean slot" and searches of his person "multiple times a day."[7] *Id.* at 1–2. Finally, he wants the Court to require Defendants to defer to what he calls "clinical proffessional [sic] judgement [sic]" concerning Defendants' treatment and supervision of him during his commitment. *Id.* at 2.

San Miguel has failed to carry his burden of producing adequate evidence, through an affidavit, verified complaint, or other means, showing that the Court should interfere with the facility administrators' exercise of professional judgment, either in the day to day general management of the facility or as to specific decisions such as placing San Miguel in the SMU. *See Bell*, 441 U.S. at 547. San Miguel's demands are nebulous, and none are supported by evidence beyond his conclusory and rambling claims. *See* ECF No. 5. Without more, the Court cannot meaningfully examine the merits of San Miguel's demands. Of equal importance is San Miguel's own admission that he willfully violates the facility's rules, which significantly undermines his claim that he is entitled to injunctive relief in this matter. *See* ECF No. 1, at 7 ("San Miguel

---

[7] San Miguel also seeks this relief in his second motion. ECF No. 17.

admittedly does not care about the defendant's verbal rules and written rules, he is going to talk to another resident or pass something to another resident when he is good and ready. He politely tells the staff member to write him up if they feel disrespected, and asserts that the entire SMU scheme is Unlawful, and therefor [sic] the rules are worthless."). Stated simply, San Miguel's motion and supporting pleadings are little more than a disjointed patchwork of conclusory allegations that do not demonstrate a substantial likelihood of success on the merits of his claims. The Court cannot take such drastic action as interfering with Defendants' daily operation of the facility, e.g., enjoining Defendants from placing San Miguel in SMU, without sufficient evidence to support his claims that such conduct violates his constitutional rights. *Young v. Wainwright*, 449 F.2d 338, 339 (5th Cir. 1971) (per curiam) ("Classification of inmates is a matter of prison administration and management with which federal courts are reluctant to interfere except in extreme circumstances.").

### B. Second Motion (ECF No. 17)

San Miguel's second motion for preliminary injunction and TRO seeks injunctive relief in four forms. ECF No. 17. First, he generally asks the Court to enjoin Defendants from using excessive force when restraining civil committees. *Id.* at 1. Second, he requests an injunction ordering Defendants to learn to read and use restraint consistent with their own policies. *Id.* at 2. Third, he wants the Court to enjoin Defendants from confining him in punitive seclusion while he seeks redress for his claims concerning an alleged use of excessive force that recently occurred. *Id.* And fourth, he again asks the Court to enjoin Defendants from placing him, and other civil committees, in the SMU. *Id.* San Miguel's fourth request is identical in form and substance to the request made in his first motion and which the Court has already addressed. *See* ECF No. 4, at 1–2.

The Court again lacks the authority to grant the relief San Miguel seeks. The Court notes two key deficiencies in San Miguel's second motion. It is axiomatic that excessive force is force that, by definition, violates the Constitution. *Hudson v. McMillian*, 503 U.S. 1, 5 (1992) (noting that excessive force in the Eighth Amendment prison context is force which leads to an unnecessary and wanton infliction of pain); *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015) (holding that, in the context of the Fourteenth Amendment, excessive force is force that is objectively unreasonable). San Miguel provides no evidence of a commitment facility policy, promulgated by Defendants, that permits or encourages the use of force in violation of the Constitution; instead, he cites a single previous incident of excessive force allegedly committed by some of the named Defendants. *See* ECF No. 12, at 2–10, 14–24. No right exists, however, to retrospective injunctive relief that declares past conduct of state officers as having violated federal law. Because San Miguel's claim for injunctive relief is premised on events that have already occurred, and he does not provide evidence making a "reasonable showing that he will again be subjected to the alleged illegality," he cannot obtain injunctive relief from this Court. *See City of L.A. v. Lyons*, 461 U.S. 95, 109 (1983). Thus, San Miguel has not adequately demonstrated that he faces a substantial threat of irreparable injury if the injunction is not granted.

The Court notes that "[w]ithholding injunctive relief does not mean that the federal law will exercise no deterrent effect in these circumstances. If [San Miguel] has suffered an injury barred by the Federal Constitution, he has a remedy for damages under § 1983." *Lyons*, 461 U.S. at 113 (internal quotation marks omitted); *Embarcadero Techs., Inc. v. Redgate Software, Inc.*, 1:17-cv-444-RP, 2017 WL 5588190, at *3 (W.D. Tex. Nov. 20, 2017) ("To the extent [plaintiffs] have suffered any harm as a result of the events underlying their claims, much of that harm will have already occurred . . . the appropriate remedy is therefore damages.").

### III. Recommendation

For the foregoing reasons, the undersigned recommends that the United States District Court deny San Miguel's motions for preliminary injunction and temporary restraining order (ECF Nos. 4, 17).

### IV. Right To Object

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2017); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Report and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: November 27, 2019

_____
D. GORDON BRYANT, JR.
UNITED STATES MAGISTRATE JUDGE