IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| SAMUEL SAN MIGUEL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:19-CV-199-BQ |
| | § | |
| MARSHA MCLANE, *et al.* | § | |
| | § | |
| Defendants. | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Proceeding pro se and *in forma pauperis*, Plaintiff Samuel San Miguel filed this action on September 25, 2019. ECF No. 1. In his Complaint, San Miguel alleges that Defendants violated his constitutional rights by, among numerous other claims, housing him in solitary confinement. Compl. 12–15, ECF No. 1. For the reasons below, the undersigned recommends that this action be dismissed for failure to prosecute and comply with Court orders.

### I.   Background

On September 26, 2019, the United States District Court transferred this action to the undersigned magistrate judge for the purpose of conducting preliminary screening under the Prison Litigation Reform Act (PLRA). ECF No. 10. The undersigned subsequently issued a PLRA Filing Fee Order granting San Miguel's request to proceed *in forma pauperis* (IFP), which advised San Miguel of his obligation to "promptly notify the Court of any change of address . . . [and that his] [f]ailure to file this notice may result in this case being dismissed for want of prosecution." ECF No. 15, at 2 ¶ 5. San Miguel received a similar admonishment when he initially filed this suit. *See* "Instructions to a Prisoner *Pro Se* Plaintiff," ECF No. 9, at 1 ¶ 2 ("You must notify the Court if

your address changes, or your case may be dismissed. Promptly file a written change of address notice in your case.").

On October 29, 2019, the Court commenced its initial screening of San Miguel's Complaint. The Court entered an order requiring certain persons and entities to provide authenticated records related to San Miguel's claims. ECF No. 16.[1] After receiving and reviewing the records, the Court entered an order on March 6, 2020, requiring San Miguel, within thirty days from the date of the order, to complete and return a questionnaire in accordance with *Watson v. Ault*, 525 F.2d 886, 892–93 (5th Cir. 1976) so the Court could obtain additional information about the factual basis of his Complaint. ECF No. 31. In its order directing San Miguel to complete the questionnaire, the Court admonished San Miguel that "failure to timely return the completed Questionnaire and Declaration . . . may and most probably will result in dismissal of this action." *Id.* The Clerk mailed the order and questionnaire to San Miguel's address on file with the Court. *See* "Clerk's Notice of delivery," dated March 6, 2020.

As of the date of this report, San Miguel has not returned a completed questionnaire to the Court or submitted any other type of notice or pleading, nor has the questionnaire been returned as undeliverable. Accordingly, where the Court has no indication that San Miguel's address has changed or that the questionnaire otherwise failed to reach him, the Court can only conclude that San Miguel no longer wishes to pursue his claims.[2]

---

[1] San Miguel filed a notice of interlocutory appeal on February 13, 2020, seeking review of this Court's order denying his motion for preliminary injunction. *See* ECF No. 29. The Fifth Circuit dismissed San Miguel's appeal on November 18, 2020, "pursuant to appellant's motion." ECF No. 36.

[2] This is particularly so in light of the Fifth Circuit's dismissal of San Miguel's interlocutory appeal in this action, based upon *his* motion, more than two months ago. *See* ECF Nos. 4, 17, 22, 24, 28, 29, 36.

## II. Involuntary Dismissal

A court has inherent authority under Rule 41(b) of the Federal Rules of Civil Procedure to *sua sponte* dismiss an action for want of prosecution. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–33 (1962); *Clofer v. Perego*, 106 F.3d 678, 679 (5th Cir. 1997). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link*, 370 U.S. at 630).

As noted above, the Court commenced its initial screening of San Miguel's Complaint by ordering the production of authenticated records, which the Court received February 3, 2020. San Miguel's failure to respond to the questionnaire, however, thwarts the Court's ability to further review the case. In this circumstance a court is basically at the mercy of a litigant who refuses to respond to court orders. Pro se litigants cannot hold a court's docket hostage by refusing to comply with specific orders designed to allow the court to timely and efficiently manage its docket.

This Court has previously dismissed other prisoners' claims for failing to return the Court's questionnaires. *See, e.g., Garcia v. Giles W. Dalby's CF*, Civil Action No. 5:15-CV-040-BG, slip. op. at 1 (N.D. Tex. Nov. 4, 2015) (recommending dismissal of complaint without prejudice for failure to return questionnaire), *R. & R. adopted by* No. 5:15-CV-040-C (N.D. Tex. Dec. 3, 2015); *see also Swaissi v. Nichols*, No. Civ.A.3:01-CV-2405-L, 2002 WL 1477429, at *1 (N.D. Tex. July 5, 2002) (recommending dismissal of case without prejudice where inmate did not timely respond to court's questionnaire, even after he updated address). Because San Miguel has not responded to the questionnaire, and he has wholly failed to communicate with the Court in this action since March 6, 2020, the Court must dismiss this case for want of prosecution. *See Manzo-Flores v. Dixon*, Civil Action No. 5:13–CV–00114–C, 2015 WL 728033, at *1 (N.D. Tex. Feb. 19, 2015)

(Cummings, J.) (dismissing a prisoner's civil rights case for want of prosecution when the prisoner failed to timely file an answer to the magistrate judge's questionnaire).

### III. Conclusion

For the foregoing reasons, the undersigned recommends that the United States District Court dismiss San Miguel's Complaint without prejudice for want of prosecution in accordance with Rule 41(b) of the Federal Rules of Civil Procedure.

### IV. Right To Object

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2016); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific report or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

**SO ORDERED.**

Dated: February 4, 2021.

D. GORDON BRYANT, JR.
UNITED STATES MAGISTRATE JUDGE